**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HOSAM SMADI, #39482-177,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-01507-SMY** |
| | ) | |
| **WILLIAM TRUE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Hosam Smadi, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner seeks expungement of a 2012 disciplinary ticket (Incident Report #2771509) and restoration of 27 days of good conduct credit. (Doc. 1, pp. 3, 6). This matter is now before the Court for preliminary review of the habeas petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

For the following reasons, the instant petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 and shall receive further review.

**Habeas Petition**

Petitioner challenges a disciplinary ticket (Incident Report #2771509) for which he received a hearing on March 15, 2012. (Doc. 1). At the time, Petitioner was (and still is) serving

a 288-month sentence for attempted use of a weapon of mass destruction. (Doc. 1, p. 1). He has been diagnosed with schizophrenia and "other mental illnesses." *Id.* The ticket was issued for attempted self-mutilation in violation of 28 C.F.R. § 541.3, Code 228A, after Plaintiff attempted to hang himself, hit his face against his metal bunk, flooded his cell, covered his window with a mattress, and fashioned a noose with a towel. (Doc. 1, p. 3,4). On March 25, 2012, Petitioner was found guilty of Code 228A and punished with a loss of 27 days of good conduct credit. (Doc. 1, pp. 3-4).

Petitioner now objects to the disciplinary action taken against him on two grounds. (Doc. 1, p. 4). First, he argues that no evidence supported a finding that he attempted self-mutilation. (Doc. 1, pp. 4-6). Second, he argues that 28 C.F.R § 541.3 cannot be lawfully extended to prohibit his behavior because prison officials have no legitimate penological interest in punishing the symptoms of mental illness. (Doc. 1, pp. 4, 6-7). Petitioner affirmatively states that he has exhausted all of his administrative remedies. (Doc. 1, p. 4).

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly pursued under § 2241. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994). This includes Petitioner's request for restoration of good conduct credit in the instant petition. Without commenting on the merits of Petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**Disposition**

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead within thirty days of the date this order is entered (on or before October 15, 2018).[1] This order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: September 14, 2018                          s/ STACI M. YANDLE
                                                   **United States District Judge**

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.