IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HOSAM SMADI,

          Petitioner,

v.

D. SPROUL,

          Respondent.

Case No. 18-cv-1507-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Hosam Smadi ("Smadi"), is a federal inmate who was recently transferred to FCI-Terre Haute. He brought this habeas corpus action pursuant to 28 U.S.C. § 2241 while incarcerated at USP-Marion (Doc. 1). Petitioner seeks expungement of a 2012 disciplinary ticket (Incident Report #2771509) and restoration of 27 days of good conduct credit. (Doc. 1, pp. 3, 6). Respondent filed a response to the petition (Doc. 6). In lieu of a reply, petitioner filed a motion for judgment on the pleadings (Doc. 9). Because this matter has already been briefed in the Southern District of Illinois, respondent has waived venue and personal jurisdiction (Doc. 16).

## Relevant Facts and Procedural History

    Smadi is serving a 24-year sentence imposed in the District Court of the Northern District of Texas for attempted use of weapon of mass destruction. *United States v. Smadi,* Case No. 09-cr-294-M-1 (N.D. Tex,, Doc. 88). As of the date of

respondent's response, his projected release date was January 11, 2031; however, according to the Bureau of Prisons website, Smadi's current projected release date is November 6, 2030 (Doc. 6, Https://www.bop.gov/inmate loc/, last visited February 12, 2021).

The disciplinary action Smadi challenges, incident report # 2271509, occurred on February 22, 2012, while he was an inmate at FCI-Terre Haute (Doc 1). Smadi was found guilty of attempted self-mutilation in violation of 28 C.F.R. §541.3, Code 228A (Doc. 6). Specifically, the report alleged that he attempted to hang himself, hit his face against the metal bunk, flooded his cell, covered his window with a mattress and fashioned a noose with a towel (*Id.*). On March 15, 2012, the disciplinary officer held a hearing, at which time Smadi was found guilty and 27 days of his earned good conduct was revoked (Doc. 1, p. 3).  Smadi claims the hearing officer's report was not served upon him until May 23, 2018, although it references April 5, 2012 as the date of service. (*Id.* at 4). He further claims to have promptly exhausted his remedies upon receipt of said report (*Id.*).

## Discussion

Inmates retain due process rights in connection with prison disciplinary proceedings; however, such proceedings "are not a part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539 (1974). The minimum due process requirements for such proceedings are: (1) receipt of written charges in advance of the hearing; (2) an opportunity to be heard before an impartial decision maker; (3) the right to

call witnesses and present evidence where the same will not be unduly hazardous to safety or correctional goals; and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff,* 480 U.S. at 564; *Henderson v. U.S. Parole Commission,* 13 F.3d 1073 (7th Cir. 1994).

Smadi does not allege that he did not receive written charges prior to the hearing nor that he was not given an opportunity to be heard or call witnesses at said hearing, which are the due process rights and privileges afforded to him. The incident report was written by Officer Orr on February 22, 2012 and was delivered to Smadi on February 23, 2012 (Doc. 6-1).

Moreover, Smadi attended the hearing and admitted that the incident report was true and that he was upset about another incident report (Doc. 1). He waived having a staff representative present (*Id.*). He did not request any witnesses and presented no evidence (*Id.*). Based on the evidence at the hearing, the DHO found that Smadi had committed a violation of the prohibited act of attempted self-mutilation (*Id.*)

In an effort to claim timeliness, Smadi claims that he did not receive the disciplinary hearing officer's ("DHO") report until May 2018, not April 2012 as set forth on the report (Doc. 1). However, according to the affidavit prepared by Tracy Knutson from the Federal Bureau of Prisons, an appeal was received at the North Central Regional Office on May 7, 2012 related to incident report #2271509 (*Id.*). However, the appeal was accepted incorrectly and was immediately voided and then rejected for having too many pages (*Id.*). In any event, the fact that an appeal

was received approximately six (6) years before Smadi claims to have received the DHO report is concerning.

Six years later, Smadi is now claiming that his mental health should have been considered by the DHO (*Id.*), Smadi is also claiming that the definition of attempted self-mutilation, "to put indelible patterns on the skin; to injure, disfigure, or make imperfect by removing, or irreparably damaging parts of the body" is not compatible with attempted suicide or self-harm (*Id.*). But, he fails to recall that he was also hitting his face against the metal bunk.

The Bureau of Prisons ("BOP") has an exhaustive administrative remedy procedure which allows an inmate to seek formal review of a complaint relating to any aspect of his confinement. *See* 28 C.F.R. §542.10 *et seq*. First, a party can appeal a DHO decision, which is sent directly to the Regional Office. 28 C.F.R. §542.14(d)(2). Based upon the Affidavit of Tracy Knutson, it appears as if Smadi started the process in 2012, but for whatever reason, did not follow up after the appeal was rejected and did not appropriate continue the process (Doc. 6-1).

The appeal of the DHO must be submitted within twenty (20) days of the inmate receiving the DHO report, which is why the question of service is at the very crux of this habeas petition. *See* 28 C.F.R. §§542.14(d)(2) and 542.15(a), (Doc. 6-1). The Regional Office then has thirty (30) days to answer the claim. *Id.* 28 C.F.R. §542.10. *Id.*

In this case, the DHO was completed on April 3, 2012 and it was certified as delivered to Smadi on April 5, 2012 (Doc. 1). We also have record of an appeal being

filed with the North Central Regional Office related to report #2271509 on May 7, 2012 (Doc. 6-1). The report further indicates that Smadi was given an additional ten (10) days to resubmit his appeal, but there was no further activity on this case number (*Id.*).

Now, we have Smadi claiming he did not receive the DHO report until May 23, 2018 (Doc. 1). It is well settled that a "federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking habeas relief". *Sanchez v. Miller,* 792 F.2d 694 (7th Cir. 1986). Smadi failed to do so in this case in a timely fashion and cannot now claim he was not notified in 2012 when he started the appeal process.

## Conclusion

For the reasons set forth above, the Court **DENIES** Hosam Smadi's Petition for habeas relief under 28 U.S.C. § 2441 (Doc 1); and this case is **DISMISSED WITH PREJUDICE.** The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2441 Petition. *Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a Notice of Appeal with this Court within 60 days of the entry of judgment. Fed. R. Civ. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be

extended.

A motion for leave to appeal *in forma pauperis*("IFP") must identify the issues Petitioner plans to present on appeal. *See* Fed. R. Civ. P. 24(a)(1)(C). If Petitioner chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust account records for the past six (6) months) irrespective of the outcome of the appeal. *See* Fed. R. Civ. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857 (7th Cir. 1999); *Lucien v, Jockisch*, 133 F.3d 464 (7th Cir. 1998).

**IT IS SO ORDERED.**
**DATED:  February 12, 2021**

> **/s/ Stephen P. McGlynn**
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**